# State of New York, Respondent, v GTE Valeron Corporation, Appellant.

Third Department, April 5, 1990

## APPEARANCES OF COUNSEL

*Smith, Sovik, Kendrick, Schwarzer & Sugnet, P. C. (Laurence F. Sovik of counsel), for appellant.*

*Robert Abrams, Attorney-General (Gordon J. Johnson of counsel), for respondent.*

### OPINION OF THE COURT

WEISS, J. P.

During the 13 years Charles Stevens worked at defendant's plant, he was exposed, *inter alia,* to toxic dusts containing cobalt, a substance used in manufacturing tungsten carbide tools and machine parts. Stevens was laid off when the plant was closed on April 23, 1982 and thereafter commenced suit to recover damages for personal injuries allegedly resulting from his exposure to toxic substances while employed by defendant. On September 23, 1983, in response to his request, defendant sent Stevens a letter enclosing a copy of his medical record

and toxic material exposure.[1] On October 6, 1983, Stevens sent a written request to defendant pursuant to "NY Right to Know Law on Toxic Substances" *(see,* Labor Law art 28) seeking specific information concerning the toxic substances to which he may have been exposed at defendant's factory. Defendant did not respond to this request until June 20, 1985 when it sent a letter merely listing all of the substances to which Stevens might have been exposed. In the meantime, plaintiff had commenced this action in May 1985 pursuant to Labor Law § 882 (1) to recover civil penalties from defendant for failure to comply with Stevens' request for information, and for an order requiring defendant to provide to Stevens in writing the toxic substance information he requested pursuant to Labor Law § 878 (3).[2] Plaintiff's motion for summary judgment was granted and defendant's cross motion for summary judgment dismissing the complaint denied. Thereafter, Supreme Court imposed the maximum fine of $10,000. Defendant has appealed from the order granting summary judgment and from the $10,000 judgment.

■ Defendant initially contends that New York's Right to Know Law applies only to current employees and that it was not required to furnish information to a former employee, in this instance one laid off more than a year prior to his request. While it is true that the definitions in Labor Law § 875 do not include the terms "employee" or "former employees", and it is also true that reference to former employees appears only in section 879, we nonetheless believe that the Legislature fully intended that the statute encompass former as well as current employees. The underlying issue here is a request for information on exposure to toxic substances and whether defendant's response complied with the statutory requirements. Section 879 requires that records of employees

---

1. It is unclear whether Stevens' request was oral or written and whether it was made pursuant to Federal Occupational Safety and Health Administration (29 CFR 1910.20) provisions or the State's Right to Know Law (Labor Law art 28).

2. Stevens died at the age of 36 on October 4, 1986. Immediate cause of death was shown in an autopsy report to have been severe bilateral bronchopneumonia. The final autopsy diagnosis included findings of, *inter alia,* a "[m]arkedly elevated concentration of cemented tungsten-carbide dust in lungs and hilar lymph nodes (in the range seen in cases with 'hard metal' disease)". A comment in the report observed the concentration of inorganic particles found in lung tissue "are among the highest tungsten concentrations observed and have never been seen in the absence of 'hard metal' pneumoconiosis (cobalt lung disease)".

and exposure be kept by an employer for 40 years and in the event the employer discontinues operation in New York, such records be sent to the Department of Health. These requirements appear to us to clearly demonstrate that the essence of Labor Law article 28 is to require that information about exposure to toxic substances in the workplace be made available to those who have been or may be so exposed. Support for this conclusion may be found in the legislative memorandum on introduction which states that the purpose of the legislation is to require employers to give notice to present and prospective employees of potential health hazards and dangers inherent when employment involves exposure to or work with toxic and hazardous substances. Certainly, if prospective employees are within contemplation, so also must provision for former employees have been made. The legislative findings and declaration of purpose state that "[s]ometimes the tragic results of this exposure may not be realized for years or even for generations" (L 1980, ch 551, § 1).

It cannot be seriously doubted that the Legislature recognized employees could require, and be entitled to, information at some time after they no longer were working for the employer at whose plant the exposure to toxic substances occurred. In his approval memorandum, then Governor Hugh Carey stated that the bill would ensure that workers are given information by their employers concerning the nature of toxic substances which they may encounter in the workplace. Subsequent to enactment, the Department of Labor, in construing the law, did promulgate a regulation which noted that the term "employee" includes "former employees employed after the effective date of Labor Law, article 28" (12 NYCRR 820.2 [b]). It is clear that the "general statutory language and legislative history indicate that the Legislature intended to adopt a broad policy approach to the subject matter of the statute, delegating to the administrative agency comprehensive, interpretive and subordinate policy-making authority, interstitially to 'fill in the blanks' consistently with the overall policy of the statute, either by administrative rule making or case-by-case decisions" (*Matter of Judd v Constantine*, 153 AD2d 270, 272-273; *see, Matter of Levine v Whalen*, 39 NY2d 510, 515-516). Judicial deference should therefore be accorded the interpretation by the Department of Labor which determined that the statute encompassed former employees and

pursued its enforcement in this lawsuit. Since it is clear that defendant failed to comply with the statutory requirements, no factual issue remained and summary judgment was entirely appropriate.

■ Nor do we find preemption by the Federal record-keeping regulations (29 CFR 1910.20) and/or promulgation of the Federal Hazard Communication Standard (29 CFR 1910.1200). These regulations were not promulgated under section 6 of the Occupational Safety and Health Act (hereinafter OSHA) (29 USC § 655) which provides for the issuance of health and safety standards in the workplace and serves to improve safety thereat by removing specific and known hazards, but rather as a regulation on recordkeeping and informing employees relevant to toxic substance exposure under section 8 of OSHA (29 USC § 657) *(contra, United Steelworkers v Auchter, 763 F2d 728)*. Section 6 standards preempt State action absent circumstances not present here while section 8 regulations are covered by section 18 (a) of OSHA (29 USC § 667 [a]), which provides: "Nothing in this Act shall prevent any State agency or court from asserting jurisdiction under State law over any occupational safety or health issue with respect to which no standard is in effect under section 6." Moreover, the Federal Hazard Communication Standard was not promulgated until well after defendant had violated the New York Right to Know Law by failing to properly respond to Stevens' request for information made under the law. In fact, the Federal standard did not become effective until after this lawsuit had been commenced by plaintiff. Thus, there could be no preemption by the Federal regulations of defendant's violation.

■ Finally, we find that Supreme Court neither exceeded nor abused its discretion in the imposition of a $10,000 fine after finding that defendant "exhibited a callous disregard for the health consequences its employees were exposed to". Defendant has alleged that Stevens' principal purpose was to enhance his pending personal injury action. However, he had a legitimate health concern, and in any event the civil action did not preclude his statutory entitlement to the information. Plaintiff charges that defendant continued to refuse to provide the information requested for 1½ years and did not attempt to comply until after the instant suit had been commenced, by which time Stevens had already died. There is sufficient evidence in the record to support the conclusion that defendant's refusal to comply with the statute was defiant.

For these reasons, Supreme Court's order granting plaintiff summary judgment and the judgment imposing the $10,000 fine should both be affirmed.

MIKOLL, YESAWICH, JR., MERCURE and HARVEY, JJ., concur.

Order and judgment affirmed, with costs.